### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEON JACKSON, #R18100,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00065-SMY |
| ) | |
| **JANE DOE 2** *Doctor or Nurse Practitioner*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Leon Jackson is an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center. He originally filed a civil rights action in *Jackson v. Baldwin, et al.*, 3:19-cv-00975-SMY. After screening the Complaint, the Court severed two of Plaintiff's claims into this case. (*See* Doc. 1). Those claims were designated as follows:

> Count 3: Eighth Amendment deliberate indifference to a serious medical need claim against Jane Doe 2 (*Doctor or Nurse Practitioner at Shawnee*) for denying Plaintiff medical treatment for HIV and/or AIDS.

> Count 4: State law medical negligence claim against Jane Doe 2 (*Doctor or Nurse Practitioner at Shawnee*) for denying Plaintiff medical treatment for HIV and/or AIDS.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 2): In June 2018, Plaintiff

was told by a doctor at Lawrence Correctional Center that he was sick and had HIV and maybe AIDS. He asked the doctor how long he had it and the doctor responded that he had a lawsuit. Thereafter, Plaintiff requested his medical records on numerous occasions and was ignored.

In February 2018, prior to his diagnosis and while incarcerated at Shawnee Correctional Center, Plaintiff confided in Jane Doe, who was a doctor or nurse practitioner, that he was experiencing numerous symptoms. She gave him a pamphlet about HIV/AIDS. Plaintiff was scared but took a "test" in March or April 2018 that was negative. However, when he went to the healthcare unit, nurses and correctional officers acted weird and made stupid and loud comments. He felt something was wrong. A nurse once said his blood count was too low. Plaintiff believes the nurses and doctors were aware of his condition and neglected his health.

## Discussion

### Count 1

To state an Eighth Amendment claim for deliberate indifference to a serious medical need, an inmate must sufficiently allege that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). Plaintiff's allegations fail to state a viable deliberate indifference claim against Jane Doe. The allegations are vague and speculative. Plaintiff does not state the symptoms he reported to Jane Doe or include facts to suggest she was aware he had a medical condition that needed treatment. Nor does he allege she denied or delayed necessary treatment. Accordingly,
Count 1 will be dismissed.

### Count 2

Plaintiff asserts a state law medical negligence claim and seeks to have the Court exercise

its supplemental jurisdiction under 28 U.S.C. § 1367. Although district courts may exercise supplemental jurisdiction, they are not required to do so. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997). Relevant here, it is appropriate for a court to decline to exercise supplemental jurisdiction when the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Accordingly, this Court declines to exercise its supplemental jurisdiction as to Plaintiff's state law claim and Count 2 will also be dismissed.

## Disposition

The Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **OCTOBER 8, 2020**. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00065-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004).  Thus, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 8, 2020**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**

4